UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHARLES RAY CATHY,<br><br>    Petitioner,<br><br>v.<br><br>CLARK DUCART, Warden,<br><br>    Respondent. | No. CV 17-7367-R (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION AS SUCCESSIVE AND/OR AS BARRED BY THE EXPIRATION OF THE STATUTE OF LIMITATIONS** |

Charles Ray Cathy ("petitioner"), through counsel, initiated this action on October 9, 2017, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2017 Petition" or "2017 Pet."), along with a Memorandum of Points and Authorities (alternatively "Mem.") and exhibits. The 2017 Petition challenges his April 5, 2004, conviction in the Los Angeles County Superior Court, case number NA058508, for discharge of a firearm with gross negligence (Cal. Penal Code § 246.3), and possession of a firearm by a felon (Cal. Penal Code § 12021(a)(1)). (2017 Pet. at 2).

The Court observes that on April 29, 2008, petitioner, proceeding pro se, constructively filed an earlier habeas petition in this Court, in case number CV 08-3855-R (FMO) ("CV 08-3855"),[1]

---

[1] On June 6, 2008, the action was transferred to this Court from the Eastern District of California. (Case No. CV 08-3855, ECF No. 1).

also challenging his 2004 conviction ("2008 Petition"). The 2008 Petition was dismissed with prejudice as time barred, pursuant to the Judgment entered on January 29, 2009. (Case No. CV 08-3855, ECF No. 29). Petitioner's request for a certificate of appealability was denied by the District Judge. (Case No. CV 08-3855, ECF No. 32). His request for a certificate of appealability was denied by the Ninth Circuit on May 24, 2010. (Case No. CV 08-3855, ECF No. 37).

**A.   SECOND OR SUCCESSIVE PETITIONS**

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2008 Petition, petitioner raised the following grounds for relief: (1) his prior juvenile robbery conviction does not qualify as a prior "strike" within the meaning of California's Three Strikes law (2008 Pet. at 10); (2) his sentence constitutes cruel and unusual punishment (2008 Pet. at 12); and (3) the trial court erred in denying petitioner's three motions to remove appointed counsel. (2008 Pet. at 16). As mentioned above, that action was dismissed with prejudice as time barred. (Case No. CV 08-3855, ECF No. 29). In the 2017 Petition, petitioner raises the following

claims: (1) trial counsel rendered ineffective assistance during the bench trial on petitioner's juvenile strike prior conviction because inadmissible evidence was presented to prove the prior strike; (2) the prosecutor committed misconduct by offering inadmissible evidence to prove petitioner's juvenile strike prior; (3) appellate counsel rendered ineffective assistance by failing to raise all issues; and (4) petitioner is entitled to equitable tolling because appellate counsel failed to inform him that the California Supreme Court had denied his petition for review and, because of his transfer to the Riverside County Jail "shortly after he filed his first late federal habeas petition[, he] did not have his paperwork or access to the law library to respond to the court's requests." (2017 Pet. at 5-6; Mem. at 8-31).

A habeas petition that has been dismissed for failure to comply with the statute of limitations "renders subsequent petitions second or successive for purposes of the AEDPA." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (contrasting Slack v. McDaniel, 529 U.S. 473, 485-86, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), which held that a prior petition dismissed without prejudice for failure to exhaust state remedies leaves open the possibility for future litigation); see also Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (a dismissal of a first petition with prejudice because of a procedural default constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)).

Accordingly, because the 2008 Petition was dismissed with prejudice as time barred, and the 2017 Petition raises claims that could have been adjudicated on the merits in a previous petition, the 2017 Petition is considered to be a successive application. Even if petitioner's claims in the 2017 Petition satisfied the AEDPA standards for filing a successive petition -- which they do not appear to do -- **he nevertheless is required to seek and receive authorization from the Ninth Circuit before filing a successive petition**. 28 U.S.C. § 2244(b)(3)(A); see Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). Here, there is no indication that petitioner has sought let alone obtained such permission from the Ninth Circuit. It therefore appears that the Court is without jurisdiction to entertain the 2017 Petition

under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, it appears that dismissal of the Petition as successive is appropriate.

**B.     STATUTE OF LIMITATIONS**

The 2017 Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[2] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As stated above, petitioner was convicted on April 5, 2004. (2017 Pet. at 2). His conviction became final on May 2, 2006, when the ninety-day period for filing a petition for certiorari in the Supreme Court expired. (See Case No. CV 08-3855, ECF No. 16 at 5). On its face, therefore, it appears that the 2017 Petition, as was true of the 2008 Petition, is barred by the statute of limitations.

**C.     CONCLUSION**

Based on the foregoing, petitioner is **ordered to show cause** (1) why the 2017 Petition should not be dismissed as successive; and (2) why the 2017 Petition should not be dismissed as time barred.

Specifically, **no later than October 20, 2017**, petitioner must submit to the Court the following: (1) documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order; and (2) a response making clear his

---

[2] Beeler was overruled on other grounds in Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

4

arguments, if any, as to why the 2017 Petition should not be dismissed as time barred. All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.

**Failure to respond by October 20, 2017, will result in the 2017 Petition being summarily dismissed with prejudice as successive and/or as barred by the statute of limitations.**[3]

DATED: October 11, 2017

*Paul L. Abrams*

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[3] In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), and he does not provide documentation showing that he is not required to first receive Ninth Circuit authorization before filing a successive petition, he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.